UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVEN MOORER,

    Plaintiff,

v.                                    Case No. 3:21cv874-MCR-HTC

QUEEN ELIZABETH, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Cleven Moorer, a Massachusetts resident proceeding *pro se*, initiated this action[1] by filing a complaint against Queen Elizabeth, the Parliament, and the Vatican. ECF Doc. 1. With the complaint, Plaintiff also filed a motion to proceed *in forma pauperis*. ECF Doc. 2. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2 (E).

For the reasons discussed below, the undersigned recommends this case be dismissed *sua sponte*, as Plaintiff's allegations are illogical, nonsensical, and frivolous. Indeed, Plaintiff has a history of filing frivolous suits with this Court,

---

[1] The online docket for this case lists this action arising under 42 U.S.C. § 1983. However, Plaintiff does not identify this action as a *Bivens* case or a section 1983 case. Regardless, as discussed herein, Plaintiff has not identified any cognizable claim.

including the following: (1) *Moorer v. Vinson*, 321cv84TKW/EMT—a case against Senior District Judge Roger Vinson, which was dismissed as frivolous; (2) *Moorer v. Davis*, 321cv583MCR/HTC—a case against Magistrate Judge Miles Davis, which was dismissed as frivolous; (3) *Moorer v. Yonkers City Jail, et al.*, 311cv248MCR/EMT—a case against the Yonkers City Jail and Westchester County Jail, which was dismissed for improper venue; and (4) *Moorer v. Viviano*, 311cv167MCR/EMT—a case against an attorney at the Legal Aid Society in White Plains, New York, which was dismissed for failing to state a claim. Also, just days prior to filing this action, Plaintiff also filed an action against Donald Trump and all Presidents and Vice Presidents since 1954. *See Moorer v. Donald Trump, et al.*, 321cv872MCR/HTC.

Additionally, because the undersigned finds Plaintiff's complaint to be frivolous and that Plaintiff has not shown an inability to pay for this action, Plaintiff's motion to proceed *in forma pauperis* is DENIED.

I.   THE COMPLAINT

Plaintiff initiated this action by filing a complaint on this Court's form. In the "Defendant(s)" section, Plaintiff identifies Queen Elizabeth and The Parliament as defendants and states he is suing them in their individual and official capacities.[2]

---

[2] Plaintiff lists the Vatican in the case style but does not include the Vatican in the section listing the Defendants.

ECF Doc. 1 at 3. The entirety of Plaintiff's factual allegations, quoted as written and to the best the Court can discern, includes the following:

> No social security payment, for many years, then only one check instead of three. The White House people was responsible for my social security and I never got paid in full. I reference to The Vatican, I am Baptist, a confirmed catholic, St. Pete's School had record medical condition on improper medical treatment in life plus no 3 social security checks [remainder of sentence illegible]. Plus I attended catholic college, Elizabeth Seton. [Next three sentences are not legible].
>
> I was the pro se [illegible word] in case #222, at Pensacola, Florida, Federal Court House, I won the lawsuit, this #222 lawsuit shows some of the damage done to me, while these Defendants neglected my medical conditions. These Defendants are responsible people. "I am working suicide mission still, this is my 32nd year or 33rd. I am preoccupied [sic], and these Defendants can help, put the proper amount of [illegible word] and valuables, from them to me, my name! There are two extensions Federal Court lawsuits, in court now, connecting all these cases will make clear the picture of what happened. Cleveland Moorer vs. Kenneth [illegible word] Case #398-222-RV, this is one case. Cleven Moorer v. Roger Vinson case 321cv0054-TKW-EMT. Also Federal Court Judge Miles Davies who was acting but, dead or gone. 321cv583MCR-HTC.

*Id.* at 4–5.

In the Statement of Claims, Plaintiff writes, "My social security right. My right not to live dangerously. I was forced into dangerous living, because of social security, theft, which I proved in #222 my life has been in suicide mission for 33 years now, I am still hanging in there, on suicide mission. If the catholic Vatican was medically connected." *Id.* at 6. As relief, Plaintiff states: "I want money, plus real estate, gold, diamonds, ruby, and all things that I can get that are of value, so,

Case No. 3:21cv874-MCR-HTC

all things of value, is what I want for all I went through! The court can figure out the amount of lawsuit." *Id.*

## II.     FEDERAL RULE OF CIVIL PROCEDURE 8

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8(e)(1). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Supreme Court has explained that a claim for relief must contain sufficient factual allegations to cross 'the line between possibility and plausibility.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

It is abundantly clear from the face of the complaint that Plaintiff has woefully failed to meet the requirements set forth in Rule 8. The complaint is nonsensical. It is completely devoid of any factual allegations supporting any cause of action. Even when reading Plaintiff's allegations liberally and in his favor, the Court can discern no cognizable cause of action. Instead, Plaintiff's complaint appears to contain only demands and allegations that are fanciful or border on delusional.

### III. LACK OF JURISDICTION

Plaintiff's complaint also fails to provide "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8. Fed. R. Civ. P. 8(a)(1). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

A plaintiff seeking to invoke this Court's jurisdiction must set forth the basis of the Court's subject matter jurisdiction. "In order for a federal district court to have jurisdiction over a claim, a plaintiff must show, on the face of the complaint, either complete diversity of citizenship or that a 'substantial' issue of federal law is raised by the claim." *See Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th Cir. 2007) (citing *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)).

As stated above, Plaintiff does not identify the complaint as either a *Bivens* complaint or a section 1983 action. Plaintiff also does not identify any federal or

other law he contends was violated to establish federal question jurisdiction under 28 U.S.C. § 1331, and he does not state an amount of controversy in excess of $75,000 to establish diversity jurisdiction under section 1332(a)(2). Although Plaintiff makes a general reference to "social security rights," such a vague reference is not sufficient to show this Court has jurisdiction over this matter.

The general rule governing pleading federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute. Rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is federal jurisdiction. *Pearson v. U.S. Postal Serv.*, No. 3:06CV190MCR/EMT, 2007 WL 624536, at *2 (N.D. Fla. Feb. 22, 2007) (quoting *Fountain v. New Orleans Public Service, Inc.*, 265 F. Supp. 630, 632 (E.D. La. 1967)); *see also Gilbeaux v. University of Texas Medical Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (concluding that a mere citation to a federal statute in the heading of a complaint form is insufficient to invoke federal jurisdiction).

## IV.   IMPROPER VENUE

Finally, although Plaintiff does not have to allege venue in his complaint, it appears that even if Plaintiff could state a cause of action *and* show this Court has jurisdiction, venue would still not be proper in this district. The venue for civil actions is governed by 28 U.S.C. § 1391(b). Under that provision, venue is proper (1) in any judicial district in which any defendant resides, (2) in any judicial district

in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which any action may otherwise be brought, in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action.  28 U.S.C. § 1391(b)(1)–(3).

Venue is not proper under any of those subsections.  Plaintiff has alleged no facts showing any substantial events or omissions occurred in this district.  Plaintiff does not allege any Defendant is a resident of this district, and there are no facts showing that any Defendant is subject to the court's personal jurisdiction in this district.  Thus, Plaintiff's complaint would be subject to dismissal for improper venue.  *See* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## V.     PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Also pending before the Court is Plaintiff's motion to proceed *in forma pauperis*.  "In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious."  *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)).  Specifically, under section 1915(e)(2)(B), the

Court shall dismiss any claim filed under the *in forma pauperis* statute, which "fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

As outlined above, Plaintiff's complaint fails to state a cognizable claim, even under the most liberal reading. When a plaintiff cannot meet the second element of the *in forma pauperis* equation—namely, by showing that the complaint is neither frivolous nor malicious—the District Court "need not reach a determination on the issue of whether [the plaintiff] is unable to pay the costs of commencing this action." *See Young v. Marshall*, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), *report and recommendation adopted*, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020) (declining to review Plaintiff's inconsistent and incomplete motion to proceed *in forma pauperis* because Plaintiff lacked standing to bring her asserted claims). Regardless, Plaintiff has not shown that he is unable to pay the costs of commencing this action. While Plaintiff does not identify any cash on hand, he also states that he receives income of $834 a month and has expenses of only $232 a month. ECF Doc. 2 at 4. Thus, Plaintiff's motion to proceed *in forma pauperis* will be DENIED.

## VI.   CONCLUSION

Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted." *Silva v. Bieluch*,

351 F.3d 1045, 1048–49 (11th Cir. 2003). However, an opportunity to amend is not necessary when the defects in the complaint are incurable and an amendment would be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("[D]istrict courts need not permit amendment where it would be futile to do so."). Instead, a district court may *sua sponte* "dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x. 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)).

District courts have "'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint, where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See,*

*e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

For the reasons discussed above, the undersigned finds a *sua sponte* dismissal to be necessary in this case. Plaintiff's complaint is bare of any facts, frivolous, nonsensical, unintelligible, and identifies Queen Elizabeth, the Parliament, and the Vatican as defendants. Plaintiff has not alleged any facts establishing this Court's jurisdiction or supporting any cause of action. Thus, the undersigned recommends this case be dismissed *sua sponte*. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting that, before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

Additionally, it is respectfully RECOMMENDED:

1. This case be DISMISSED as frivolous.

2. The clerk be directed to close the file.

At Pensacola, Florida this 16th day of July, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C.
§ 636.